750 So.2d 38 (1999)
In Interest of K.C.C., K.M.C., and K.J.C., Children.
J.L.C. and C.L.H.C., Appellants,
v.
State of Florida, Department of Children and Family Services, Appellee.
No. 98-02795.
District Court of Appeal of Florida, Second District.
April 21, 1999.
*39 Suzanne Harris, Lakeland, for Appellants.
Anne M. Villanueva, Lakeland, for Appellee.
BLUE, Judge.
J.L.C. and C.L.H.C., the parents of three children, appeal the termination of their parental rights. Because the record does not contain clear and convincing evidence to support the termination of the Father's parental rights, we reverse. As to the Mother, however, we affirm.
The Department filed a petition for dependency in September 1996, alleging that the parents were unable to properly care for the three children due to the Mother's substance abuse problem and the Father's mental health problem. The petition further alleged that the children were living in a house without water or electricity. The parents did not contest the dependency. The Mother admitted that she had a substance abuse problem; the Father was at that time hospitalized in the VA Hospital. The trial court found the allegations proven and entered its dependency order on January 21, 1997, nunc pro tunc, October 22, 1996. The parents entered into a case plan with the Department of Children and Families and made some efforts to meet the requirements. In December 1997, the Department filed a petition to terminate the rights of both parents, alleging that the parents materially breached the requirements of the case plan.
In its order terminating parental rights, the trial court found that the parents failed *40 to comply with the case plan and, further, that their failure did not result from financial conditions beyond their control. The trial court also found that the parents failed to establish a stable residence, continued to use illegal drugs, failed to provide evidence of mental health counseling, and failed to timely complete parenting classes. When compared to the evidence adduced at the termination hearing, we conclude that these findings are not supported by clear and convincing evidence as to the Father.
Termination of parental rights affects the fundamental liberty interests of parents in the care and custody of their children. See In re R.W., 495 So.2d 133 (Fla.1986). Consequently, the State must prove the grounds for termination by clear and convincing evidence. See In re Baby E.A.W., 658 So.2d 961 (Fla.1995). The supreme court has defined this standard as an "intermediate level of proof [that] entails both a qualitative and quantitative standard. The evidence must be credible; the memories of the witnesses must be clear and without confusion; and the sum total of the evidence must be of sufficient weight to convince the trier of fact without hesitancy." 658 So.2d at 967 (quoting In re Davey, 645 So.2d 398, 404 (Fla.1994)). In addition, the termination of parental rights must be the least restrictive means of protecting the children from harm. See Padgett v. Department of Health & Rehabilitative Svcs., 577 So.2d 565 (Fla.1991).
Section 39.464, Florida Statutes (1997), provides the grounds for termination of parental rights. Termination may be sought when a child has been adjudicated dependent, a case plan has been filed, and the child continues to be abused, neglected or abandoned.
[T]he failure of the parents to substantially comply for a period of 12 months after an adjudication of the child as a dependent child constitutes evidence of continuing abuse, neglect, or abandonment unless the failure to substantially comply with the case plan was due either to the lack of financial resources of the parents or to the failure of the department to make reasonable efforts to reunify the family.
§ 39.464(1)(f).
In this case, the record reveals that the Father's noncompliance was due in large part to the family's financial circumstances. At the termination hearing, the case worker admitted that the Father's physical and mental problems precluded his employment. The Father testified that he had no income at the time the children were adjudicated dependent; but he has since qualified for Social Security disability payments and an increase in his VA benefits so that his current monthly income is approximately $1,500. The Father further testified regarding the arrangements he has made for suitable housing. Thus, the record does not contain clear and convincing evidence that the current housing situation is unacceptable. Therefore, the trial court's findings in this regard do not support termination. Additionally, the Father testified that they missed parenting classes when they lost their transportation. The parents were then required to wait for the next class to begin in six months. The unrebutted testimony thus shows that this failure was based, at least in part, on the family's financial conditions. Therefore, it does not support termination.
Of the two additional findings by the trial court, there was no evidence that the Father used illegal drugs at any time. As to his failure to provide a release for his mental health records, the evidence was conflicting. The family services counselor testified that the Father had not provided access to his VA records as required by the case plan. The child protective investigator who began the case testified that she thought the Father had signed the necessary release but she was unsure. The Father testified that he signed a release at the VA records department and also left a signed release with the case worker's secretary and with her supervisor. He also signed releases for other records, and the counselor acknowledged *41 receiving these records. Therefore, the record does not contain clear and convincing evidence that the Father failed to sign a release for his VA records, but if he failed to do so, the record certainly suggests that the Department failed to assist him with achieving this goal despite its knowledge of his mental confusion. After a thorough review of the complete record, we are unable to find clear and convincing evidence to support termination of the Father's parental rights. Accordingly, we reverse.
As to the Mother, a different question is presented. According to the evidence at the termination hearing, she has an admitted drug problem and she has failed to seek treatment. The Mother has not avoided law violations and, in fact, was in and out of jail several times during the period of dependency. Thus, the Department presented clear and convincing evidence showing that the Mother failed to substantially comply with the case plan. While her failure to comply may have been related to financial conditions or incarceration,[1] the Mother has not raised such arguments. Although the trial court's order states that both parents attended the termination hearing, the transcript indicates the presence of only the Father. In any case, the Mother did not testify at the termination hearing and no argument has been made on her behalf in this appeal. Section 39.469(6) provides that a court may terminate the rights of only one parent when necessary for the child's protection. Because the record establishes that the Mother has a substance abuse problem, for which she is unwilling to seek treatment, we conclude that the trial court properly terminated her parental rights. Accordingly, we affirm as to the Mother.
As a final note, we must take issue with the trial court's finding that termination of parental rights would be in the manifest best interests of the children. This finding, which is an essential predicate for the termination of parental rights, is not supported by clear and convincing evidence. The only evidence about the children's condition showed that they required counseling due to anxiety over the separation from their parents. The record contains no other evidence showing that the children were otherwise in danger of abuse or neglect. While we do not condone the living conditions that existed at the time of the dependency order, this situation was rectified once the Father qualified for disability income.
Accordingly, we affirm the termination of the Mother's parental rights. We reverse the termination of the Father's parental rights and remand for the trial court to allow the Father an opportunity to comply with the case plan. We note that the Department and the trial court must evaluate the effect of the Father's mental condition on his ability to properly parent the children once the Father's medical records have been obtained. Further, we point out that the record is unclear regarding the relationship between the Father and Mother in light of her substance abuse problem. It may be possible that termination of the Father's parental rights would be warranted if he maintains a relationship that is detrimental to the children. See § 39.464(1)(e). We reverse the termination of the Father's rights based on the inadequate record at this time. If the statutory requirements for termination are met after remand, the Department may proceed accordingly.
Reversed in part, affirmed in part, and remanded.
PATTERSON, A.C.J., and WHATLEY, J., Concur.
NOTES
[1] For example, under some circumstances, a parent's failure to comply with a case plan may be excused if their incarceration made it impossible. See In re E.L.H., 687 So.2d 924 (Fla. 2d DCA 1997). The Mother, however, did not raise this argument below or on appeal.